Matter of D.B. (N.B.) (2026 NY Slip Op 00573)

Matter of D.B. (N.B.)

2026 NY Slip Op 00573

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Docket No. NA-13732-5/22 NN-13733-5/22 NA-42105-8/16|Appeal No. 5736|Case No. 2024-06697|

[*1]In the Matter of D.B. and Others, Children Under Eighteen Years of Age, etc., N.B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for children.

Order, Family Court, Bronx County (E. Grace Park, J.), entered on or about October 23, 2024, insofar as it denied respondent mother's motion for an order modifying an order of disposition, entered on or about May 25, 2023, to provide for a suspended judgment and to vacate the orders finding that she abused the subject child, her then 11-year-old son, and derivatively neglected the other three subject children, entered on or about April 20, 2023, and to dismiss the petitions, unanimously affirmed, without costs.
In April 2023, on consent of all parties, Family Court entered a finding that the mother abused her then 11-year-old child when she intentionally dumped extremely hot water on him causing third-degree burns covering a significant portion of the left side of his torso, as well as his back. The mother failed to seek immediate medical attention for the child and waited three days before taking him to the hospital. The court also determined that the other three children had been derivatively neglected by the mother.
Family Court may modify a dispositional order and vacate an abuse or neglect finding for good cause shown, and any modified order must be consistent with the best interests of the children (see Matter of Tsoede L. [Kinisha B.], 198 AD3d 509, 510 [1st Dept 2021]). Here, Family Court providently exercised its discretion in denying the mother's post-dispositional motion to modify its May 25, 2023 dispositional order and its April 20, 2023 order of fact-finding (see id.; cf. Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 6-7 [1st Dept 2017]).
Family Court properly considered the serious nature of the incident, which resulted in the child sustaining third-degree burns, as well as the inadequacy of the mother's expressions of contrition, which failed to acknowledge the severity of her conduct and the resulting injuries. Although the mother has complied with services, the record demonstrates that she continues to lack insight into the seriousness of the child's injuries and has failed to show remorse for her actions. In fact, throughout the pendency of the article 10 proceeding, the court observed that the mother appeared to be annoyed and inconvenienced with the court's involvement with her family. The fact that the injuries resulted from a single incident does not diminish the seriousness of the mother's conduct. Under these circumstances, the mother failed to demonstrate good cause to modify the orders of fact-finding and disposition so as to grant her a suspended judgment and vacate the findings of abuse and neglect against her (see Matter of Tsoede L., 198 AD3d at 510; Family Ct Act § 1061). Nor did the mother demonstrate that the requested relief was in the best interests of the children (see Matter of Jensli C. [Orlenis C.], 182 AD3d 415, 416 [1st Dept 2020]). Furthermore, the mother never requested an evidentiary hearing, nor was one warranted (see Matter of Leilany R. [Kicha C.], 172 AD3d 656, 657 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026